UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON SPURLING,

                Plaintiff,

        -against-

DONALD TRUMP, et al.,

                Defendants.

1:25-CV-4421 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Sharon Spurling, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), has filed an application for the court to request *pro bono* counsel. (ECF 8.) For the reasons set forth below, the Court denies that application.

This action is being reviewed pursuant to the screening requirements laid out in the IFP statute, 28 U.S.C. § 1915, to which all IFP civil actions are subject, *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); under that statute "the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief," *Staley v. Navy Fed. Credit Union*, No. 1:24-CV-8265 (LTS), 2025 WL 1685233, at *3 (S.D.N.Y. June 15, 2025) (citing § 1915(e)(2)(B)(i)-(iii)).

With respect to Plaintiff's application for the court to request *pro bono* counsel, the factors to be considered in ruling on an indigent litigant's request for counsel include the merits of her claims, her efforts to obtain a lawyer, and her ability to gather the facts and present her case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, merits consideration is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because this action is still undergoing the abovementioned statutory review, it is too early to determine whether the Court should request *pro bono* counsel to represent Plaintiff in this action. Accordingly, the Court denies Plaintiff's application for the court to request *pro bono* counsel (ECF 8) without prejudice to Plaintiff's filing another such application at a later stage of the litigation.

### CONCLUSION

The Court denies Plaintiff's application for the court to request *pro bono* counsel (ECF 8) without prejudice to Plaintiff's filing another such application at a later stage of the litigation.

The Court thus directs the Clerk of Court to terminate ECF 8.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 3, 2026
          New York, New York

　　　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　Chief United States District Judge

2