UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON SPURLING,

                    Plaintiff,

          -against-

DONALD JOHN TRUMP; FEDERAL
OFFICERS; FBI; CIA; SENATORS;
GOVERNORS; CIVILIANS that has opposed any
of my rights as a plaintiff,

                    Defendants.

1:25-CV-4421 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Sharon Spurling, who is appearing *pro se* and seems to claim that she resides in Albany, Georgia, filed this action while residing in a homeless shelter in Brooklyn, New York; she has since informed the court that she is currently residing in another homeless shelter in Brooklyn. She sues: (1) President Donald John Trump; (2) unidentified "federal officers"; (3) the Federal Bureau of Investigation; (4) the Central Intelligence Agency; (5) unidentified "Senators"; (6) unidentified "Governors"; and (7) unidentified "Civilians [who] ha[ve] opposed any of [her] rights as a plaintiff." (ECF 1, at 1.) In her complaint, Plaintiff seeks unspecified relief.[1]

By order dated May 30, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. By order dated March 3, 2026, the court denied Plaintiff's application for the court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later stage of the litigation of this action. (ECF 10.) For the reasons set forth below, the Court dismisses this action as frivolous.

---

[1] The Court construes letters and another submission that Plaintiff has filed after filing her complaint as supplements to her complaint. (ECF 6, 9, 11.)

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

Plaintiff alleges the following in her complaint and in her complaint's supplements[2]: "President Trump lacked fair notice that his advocacy in the instance any actions he has not allowed the plaintiff to be involved in to speak about." (ECF 1, at 1.) Plaintiff requests "due process." (*Id.*) She also states that "the silence of public officials in the face of such abuses amounts to complicity and failure to act now will now only embolden those who seek to dismantle the rule of law and divide our communities through fear." (*Id.* at 2.) Plaintiff further states that "President Trump has allowed an investigation of [Plaintiff's] rights and filming without [Plaintiff's] consent and once [Plaintiff] was aware of these actions, the abuse from certain individuals within the government agencies has continued." (*Id.*)

---

[2] The Court quotes from the complaint and the complaint's supplements verbatim. All spelling, grammar, and punctuation are as in the original submissions unless noted otherwise.

Plaintiff states that she is "a natural, freeborn, sovereign individual, without subjects. [She is] neither subject to any entity anywhere, [n]or is any entity subject to [her]." (ECF 6, at 1.) She also states that she is "not a 'person' as defined in 'statutes' when such definition includes 'artificial entities.' [She] refuse[s] to be treated as a 'federally' or 'state' created entity which is only capable of exercising certain rights, privileges or immunities as specifically 'granted' by 'federal' or 'state.'" (*Id.* at 1-2.)

Plaintiff asserts that her current residency at a shelter is due to "a pattern designed by several people [that she has] not listed on [her] complaint. . . . [T]he people in higher position[s] ha[ve] ruled in [her] favor for [her] to be awarded everything that was stolen from [her]." (ECF 9, at 1-2.) But "while at each shelter, [she has] to sign a document to enter and [her] signature is being forged, where the hidden digital bank account is being used." (*Id.* at 2.) She states that, at a shelter, she is "being pois[o]ned with either [f]entanyl, [m]ethane, or embalming fluid." (*Id.*) She asks, in one of her complaint's supplements, for the Court to "relieve [her] from [her] advers[e]ries." (*Id.* at 3.)

Plaintiff also asserts that, "ever since [she] was under these Defendants[,] [she] has not been awarded [her] rightful inheritance associated with the Big Beautiful Bill of [her] estates [her] father [her] grandmother etc." (ECF 11, at 1.) She has "submitted emails to the courts dating back to [August 2025,] advising the courts that [she has] not been awarded . . . and how[,] after filing [her] claim[,] [her] children [went] missing." (*Id.* at 1.) Plaintiff has also "advised the courts[] that [she is] a competent[] individual who should be the only person to direct orders of payments and control [her] account[;] in these emails[,] [she] ha[s] mentioned several illegal operations[,] such as AI clonging [*sic*] and AI voice recordings[,] that ha[ve] been filed numerous . . . times to several agencies." (*Id.*)

**DISCUSSION**

**A.    This action is frivolous**

The Court dismisses this action as frivolous. Under the IFP statute, a court must dismiss an action if it determines that, among other things, the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A civil action is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks (quoting *Denton*, 504 U.S. at 32-33)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

It seems that Plaintiff's claims arise from President Trump's and other federal officials' alleged filming of Plaintiff without her consent and their alleged "investigation" of her rights. Plaintiff's claims also appear to arise from Plaintiff's belief that she is "a natural, freeborn, sovereign individual" not subject to any laws. Her claims further seem to arise from her alleged experiences at a shelter, where she believes her signature is being forged, and also where she believes she is being poisoned. Plaintiff additionally asserts claims arising from not being awarded an "inheritance" that she believes she is due because of the passage of federal

4

legislation, claims arising from the fact that her children are missing, and claims arising from the use of artificial intelligence with respect to her financial accounts.

Plaintiff's claims about President Trump and other federal officials filming her and investigating her, her claims about her signature being forged and being poisoned, her claims about an inheritance that she is due because of the passage of federal legislation, her claims arising from the fact that her children are missing, and her claims arising from the use of artificial intelligence with respect to her financial accounts are all clearly baseless. In addition, there is no legal basis for her claims that she is not subject to any laws.

In addition, the Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437; *see also Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022) (a "[p]laintiff's beliefs—however strongly [s]he may hold them—are not facts"). Plaintiff, in her complaint and in her complaint's supplements, has provided an account of alleged unrelated negative experiences. Yet, she has pleaded no factual predicate in support of any of her assertions. To the extent that the Court can understand Plaintiff's allegations, they amount to conclusory claims and suspicions that are not plausible. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving

surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i).

**B.      Leave to amend denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint and supplements do not suggest that Plaintiff is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication that the plaintiff could or would provide additional allegations leading to a different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   July 1, 2026
         New York, New York

_____
Louis L. Stanton
U.S.D.J.

6